Mr. Justice Clayton
delivered the opinion of the court.
This was an action upon a bill of sale for breach of warranty of soundness. There was a verdict and judgment in the court below for the plaintiff.
The testimony was, that the slave was attacked with dysentery a few weeks after he was purchased by the plaintiff, and notwithstanding great attention was paid him, he died. The physician who attended him came to the conclusion, for various reasons which he assigned, that the negro was of scrofulous habit, and died in consequence of that disease, and that the disease existed before the sale. He gave testimony to that effect, and that was the only medical evidence in the case.
On the other side, there was the testimony of several witnesses *341 who had known the negro in Virginia for years, that he was sound and healthy, and that there had been no development of any scrofulous affection. The boy had been purchased at Richmond, Va., and brought to Natchez in the October preceding his death. James paid a fair price for him, and took a bill of sale with warranty of soundness.
The change of climate might have produced a more rapid development of a disease which had been previously lurking in the system, or it might have produced the disease which occasioned the death. The process of acclimation consequent upon a change from a northern to a southern' latitude, sometimes gives rise to fatal diseases. The weight of positive testimony in this case was greatly against the verdict, and apart from the opinion of the attending physician, there was no evidence to support it. On the testimony alone, we should incline to believe, that the'justice of the case required the granting of a new trial.
Rut there is another point in the cause, which appears to be still more conclusive, and which we cannot overlook, though not made in the argument.
This sale took place in Natchez on the 5th of February, 1846. The bill of sale bears date in Vidalia, La., but the evidence is, that the sale was made, and the bill of sale executed in Natchez, that the negro was there, and the w-hole transaction took place in this state. It was also in proof, that the defendant was a negro trader, and that this slave was brought from Virginia to this state as merchandise and for sale. The law prohibiting transactions of this character, was then in full force, though repealed in a short time afterwards. By that law, the whole contract was void, according to repeated decisions of this court. If so, the warranty of soundness, as part of the contract, was likewise void, and cannot be made the foundation of a recovery. Collins v. M’ Cargo, 6 S. & M. 133. The date of the bill of sale in Louisiana, was an ineffectual- effort to evade the laws, if in truth the transaction took place in this state. But as this point was not made in the court below, and the proof seems not *342 particularly directed to it, the plaintiff by possibility may establish the contrary.
On the whole, the judgment must be reversed, and a new trial granted.